**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ALAN SCOTT HARRISON,**

         **Plaintiff,**

**vs.**                                     **Case No. 6:06-cv-1878-Orl-19UAM**

**OFFICE OF THE STATE COURTS**
**ADMINISTRATOR, a Florida Agency**
**LAURA RUSH, General Counsel,**
**Office of the State Courts Administrator,**
**in her official capacity; EIGHTEENTH**
**JUDICIAL CIRCUIT COURT**
**ADMINISTRATION; RON SERRA, Chief**
**Deputy Administrator, Eighteenth Judicial**
**Circuit of Florida, in his official capacity;**
**NINTH JUDICIAL CIRCUIT**
**ADMINISTRATIVE OFFICE OF THE**
**COURTS; MATTHEW BENEFIL, Court**
**Administrator, Ninth Judicial Circuit of**
**Florida, in his official capacity; and**
**DEBRA G. HOWELLS, ADA Coordinator**
**for the State Courts of Florida, in her**
**official capacity,**

         **Defendants.**

_____

**ORDER**

This case comes before the Court on the following:

1.      Plaintiff's Motion and Memorandum for Preliminary Injunction, filed by

          Plaintiff Alan S. Harrison on March 22, 2007; (Doc. No. 30);

2.      Motion to Dismiss Count I, Count V, and Count VII of Plaintiff's First

          Amended Complaint, filed by Defendants Office of the State Courts

-1-

Administrator and Laura Rush on May 9, 2007; (Doc. No. 36);

3.      Motion to Dismiss Counts III and VI of the First Amended Complaint, filed
        by Defendants Ninth Judicial Circuit Administrative Office of the Courts and
        Vivian Conenna on May 9, 2007; (Doc. No. 37);

4.      Motion to Dismiss Count II and Count VI of Plaintiff's First Amended
        Complaint, filed by Defendants Eighteenth Judicial Circuit Administrative
        Office of the Courts and Ron Serra on May 9, 2007; (Doc. No. 39);

5.      Debra Howells' Motion to Dismiss Count IV and Count VII of Plaintiff's
        First Amended Complaint, filed by Defendant Debra Howells on May 9,
        2007; (Doc. No. 40);

6.      Notice of Filing Affidavit of Marsh D. Williams, filed by Defendants on May
        9, 2007 (Doc. No. 41);

7.      Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Counts
        III and VI of the First Amended Complaint, filed by Plaintiff Alan S.
        Harrison on May 16, 2007; (Doc. No. 43);

8.      Plaintiff's Response in Opposition to Motion to Dismiss Count IV and Count
        VII of Plaintiff's First Amended Complaint, filed by Plaintiff on May 16,
        2007; (Doc. No. 44);

9.      Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Counts
        II and VI of Plaintiff's First Amended Complaint, filed by Plaintiff on May
        16, 2007; (Doc. No. 46);

10.     Defendants' Response in Opposition to Plaintiff's Motion for Preliminary

Injunction, filed by all Defendants on May 17, 2007; (Doc. No. 47); and

11.   Plaintiff's Corrected Response in Opposition to Defendant's [sic] Motion to Dismiss Count I, Count V, and Count VII of Plaintiff's First Amended Complaint, filed by Plaintiff on May 21, 2007.  (Doc. No. 49).

## Background

Plaintiff Alan S. Harrison, appearing *pro se*, filed the instant suit on December 11, 2006, seeking injunctive relief, monetary damages, and attorney's fees for Defendants' alleged violations of the Americans with Disabilities Act, ("ADA"), and common law breach of contract.  (*See generally* Doc. No. 1; Doc. No. 32, filed on April 18, 2007).  Plaintiff now seeks a preliminary injunction ordering Defendants to provide him with a realtime court reporter for criminal jury trials for which he appears as counsel of record for clients in the Ninth and Eighteenth Judicial Circuits while the Court decides the merits of the instant case. (Doc. No. 30, pp. 3, 9).

The parties have stipulated or failed to dispute the accuracy of most of the salient facts for purposes of the instant motion for injunctive relief.  Plaintiff is a licensed and qualified attorney in the State of Florida who owns a solo practice which focuses primarily on the representation of criminal defendants in the Florida state courts.  (*E.g.,* Doc. No. 32, ¶¶ 15-16).  Currently, Plaintiff represents several criminal defendants awaiting trial in the Ninth and Eighteenth Judicial Circuits.  (*E.g.*, Doc. No. 30, p. 3).  Plaintiff is severely to profoundly hearing impaired, and Defendants do not dispute that he is a "qualified individual" with a disability under the meaning of the ADA.  (Doc. No. 32, ¶ 14; Doc. No. 47, p. 9).  Plaintiff represents to the Court, and Defendants do not dispute, that

accommodations other than a realtime court reporter such as amplification devices, hearing aids, or sign language interpreters would effectively allow him to participate in criminal trials. (*E.g.,* Doc. No. 30, p. 6). The Ninth and Eighteenth Judicial Circuits have denied Plaintiff's prior requests for a realtime court reporter for criminal trials. (*E.g.* Doc. No. 22; Doc. No. 30-3).

Plaintiff alleges that the denial of his requests for a realtime court reporter impairs his access to the courts and violates Title II of the ADA. Defendants respond that Plaintiff has failed to demonstrate the prerequisites of likely success on the merits of his claims or that he will suffer irreparable injury should the Court fail to issue the injunction. (*See generally* Doc. No. 47).

The Court held a hearing on Plaintiff's Motion on May 23, 2007, heard oral argument by the parties, and took the matter under advisement. (*See* Doc. No. 52, filed on May 23, 2007). Defendants also move to dismiss Plaintiff's Amended Complaint on the grounds that Plaintiff fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

## Standard of Review

### I. Failure to State a Claim

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Furthermore, the Court must limit its consideration to the complaint and written instruments

attached as exhibits. *Fed R. Civ. P.* 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007).

## II. Motion for Preliminary Injunction

Generally, the purpose of a preliminary injunction is to maintain the status quo until the district court can enter a final decision on the merits of the case. *United States v. DBB, Inc.*, 180 F.3d 1277 (11th Cir.1999). To prevail on its request for injunctive relief, the party seeking the injunction must demonstrate the following: (1) a substantial likelihood of success on the merits; (2) irreparable injury if the injunction is not issued; (3) that the threatened injury to the party seeking the injunction outweighs the potential damage that the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, will not be adverse to the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1231 (11th Cir. 2005); *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998). Because a preliminary injunction is an extraordinary and drastic remedy, such relief is not to be granted unless the movant clearly establishes the "burden of persuasion" as to each of the four prerequisites. *See, e.g., McDonalds,* 147 F.3d at 1306; *Schiavo*, 403 F.3d at 1231. A party may support a motion for a preliminary injunction by setting forth allegations of specific facts in affidavits. *See* M.D. Fla. R. 4.05(b)(2), 4.06(b)(3). In considering a motion for preliminary injunctive relief, a district court may rely on affidavits and hearsay materials that would not be admissible as evidence for entry of a permanent injunction. *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th

Cir.1995); *F.A.C.E. Trading, Inc. v. Famiano*, Case No. 8:05-cv-1740T23TBM, 2006 WL

571723, at *7 n. 6 (M.D. Fla. March 8, 2006).

**Analysis**

**I.  Motions to Dismiss**

**A.  Motion to Dismiss Count VII[1]**

Defendant Debra Howells moves the Court to dismiss Count VII of the Complaint

under Federal Rule of Civil Procedure 12(b)(6).  Such request must be granted by the Court.

Count VII of the Amended Complaint purports in its title to state a claim against Defendant

Debra Howells.  (Doc. No. 32, p. 24).  However, the paragraphs within Count VII state a

claim solely against former Defendant Vivian Conenna[2] and Defendant  Ninth Judicial

Circuit Court Administration.  (*See id.*).  Nowhere in the allegations of Count VII is

Defendant Debra Howells mentioned.  Therefore Count VII of the Complaint is completely

duplicative of Count VI (Seventh Count of the Complaint) and must be dismissed.  For these

reasons, the Motion to Dismiss Count VII of the Complaint is granted.

**B.  Motion to Dismiss Individual Defendants and Title II of the ADA**

Defendants Rush, Serra, Benefil, and Howells move the Court to dismiss the Title

---

[1]    As Defendants point out, the First Amended Complaint erroneously labels both of
two consecutive Counts as "Count VI."  (Doc. No. 32, p. 23).  For purposes of
this Order, the Court will label the second designated "Count VI" as "Count VI
(Seventh Count of the Amended Complaint)" and continue to refer to the Count
designated as Count VII of the Complaint as "Count VII," although it is in
actuality the eighth Count of the Amended Complaint.

[2]    On May 22, 2007, the Court granted the unopposed Motion of Plaintiff to
substitute Matthew Benefil, the current Court Administrator for the Ninth Judicial
Circuit, for Vivian Conenna, the former holder of such office.  (Doc. No. 51).

II claims against them in their official capacities,[3] arguing that Plaintiff has failed to allege that they are the proper individual representatives of the state entities.  The Court agrees. The parties do not dispute that under the doctrine stated by the United States Supreme Court in *Ex Parte Young*, 209 U.S. 123 (1908), it is permissible for a plaintiff to bring a federal court lawsuit against state officials in their official capacity which seeks to enjoin a continuing violation of federal law.  *See also Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 73 (1996).  However, in recognizing such right, the Court also cautioned:

> In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer *must have some connection with the enforcement of the act*, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party [...] The fact that the state officer, by virtue of his office, has some connection with the enforcement of the act, is the important and material fact, and whether it arises out of the general law, or is specially created by the act itself, is not material so long as it exists.

*Young*, 209 U.S. at 157. (italics added).  Thus, unless the state officer named in the complaint has some responsibility to enforce the statute or provision at issue in the name of the state, the exception created by *Ex Parte Young* cannot operate.  *See id*. at 159-60; *Summit Medical Assoc., P.C. v. Pryor*, 180 F.3d 1326, 1341 (11th Cir. 1999).  Stated another way, the state officers named in the suit must have "a special relation" to the act at issue.  *Fitts v. McGhee*, 172 U.S. 516, 529 (1899).

The United States Court of Appeals for the Eleventh Circuit has applied the Supreme

---

[3]   Count I of the Complaint asserts a claim against Defendant Rush under the ADA. Count II of the Complaint asserts a claim against Defendant Serra under the ADA.  Count III of the Complaint asserts a claim against Defendant Benefil (formerly Defendant Conenna) under the ADA.  Count IV of the Complaint asserts a claim against Defendant Howells under the ADA.  (*See generally* Doc. No. 32).

Court's language on several occasions.  After reviewing applicable circuit case law, it is clear that for such suits to proceed, the plaintiff must establish either that the state officer who is charged has authority to enforce the challenged law,[4] that the officer has final policymaking authority over a particular subject matter,[5] or that the state entity delegated to the named individual final decisionmaking authority regarding the particular issue.[6]

In the instant case, Plaintiff's Amended Complaint contains no such allegations. Plaintiff alleges that the individual defendants are "proper parties"[7] but fails to aver that any of the individual Defendants had final authority over the decision not to accommodate him. Simply alleging that Defendant Rush advised some of the state entities involved in the instant suit that the requested accommodation was not legally required,[8] or that Defendants Serra, Benefil, and Howells failed to provided him with the requested accommodation[9] is not sufficient to aver that such Defendants have the requisite "special connection" with the challenged policy at issue.  *See Arnold*, 880 F.2d at 316 (motion to dismiss defeated because complaint alleged that school board delegated to individual defendant final decisionmaking authority).  For these reasons, the Court grants the Motion to Dismiss as to the individual

---

[4]     *Summit Medical*, 180 F.3d at 1342.

[5]     *Scala v. City of Winter Park*, 116 F.3d 1396, 1401 (11th Cir. 1997).

[6]     *Arnold v. Board of Educ. of Escambia County*, 880 F.2d 305, 316 (11th Cir. 1989) (recognized as overruled in part on other grounds, in *Swann v. Southern Health Partners, Inc.*, 388 F.3d 834, 837 (11th Cir. 2004).

[7]     Doc. No. 32, ¶¶ 6-9.

[8]     Doc. No. 32, ¶ 34.

[9]     Doc. No. 32, ¶¶ 44-45, 54-55, 63, 65.

Defendants in Counts I through IV of the Amended Complaint.

### C.  Motion to Dismiss State Entities and Title II of the ADA

Defendants Office of the State Courts Administrator, Eighteenth Judicial Circuit Court Administration, and Ninth Judicial Circuit Administrative Office of the Courts move the Court to dismiss the Title II claims against them on the ground that such suit is barred by the Eleventh Amendment to the United States Constitution.  For the reasons that follow, the Court grants the Motions to Dismiss.

Plaintiff's claim for an injunction against the state entities named in the Complaint "must be dismissed because it does not follow the requirement, established in *Ex Parte Young*, that a plaintiff seeking prospective relief from the state must name as defendant a state official rather than the state or a state agency directly."  *Santiago v. N.Y. State Dep't of Corr. Servs*., 945 F.2d 25, 32 (2d Cir.1991); *see also Cory v. White*, 457 U.S. 85, 90-91 (1982) (all suits against an unconsenting State, whether for damages or injunctive relief, are barred by Eleventh Amendment); *Patsy v. Board of Regents of State of Florida*, 457 U.S. 496, 530-31 (1982) (*Ex Parte Young* does not allow suits against board of regents, an arm of the State of Florida) (Powell, J., dissenting); *Florida Dept. of Health v. Florida Nursing Home Assn.*, 450 U.S. 147 (1981) (Eleventh Amendment bars suit against Florida's corporate agencies).  Thus, as the Eleventh Amendment bars Plaintiff from suing the above-named arms of the State of Florida, the Court will grant the Motions to Dismiss.

### D.  Motion to Dismiss Breach of Contract Claims

In Counts V, VI, and VI (Seventh Count of the Complaint), Plaintiff sues Defendants Office of the State Courts Administrator, Eighteenth Judicial Circuit Court Administration,

and Ninth Judicial Circuit Administrative Office of the Courts, and Defendants Rush, Serra, and Benefil in their official capacities for common law breach of contract, seeking monetary damages and injunctive relief for Defendants' breach of the "spirit and intent" of a 1996 agreement between the Department of Justice and the Office of the State Courts Administrator regarding the provision of accommodations to deaf individuals by the Florida State Court System.  (*See generally* Doc. No. 32).  Specifically, Plaintiff seeks damages and an injunction requiring Defendants to abide by the terms of the Agreement.  (*See, e.g., id.* at p. 22).  The Court finds that such Counts must be dismissed due to the Eleventh Amendment's jurisdictional bar to suit.

The law is well settled that the Eleventh Amendment provides absolute immunity for a state common law breach of contract action filed in federal court against a state entity or state officers.  "[T]he Eleventh Amendment bars ... consideration of purely State law claims brought against states."  *Concourse Rehabilitation & Nursing Ctr., Inc. v. DeBuono*, 179 F.3d 38, 44 (2d Cir. 1999); *see also Westside Mothers v. Haveman,* 289 F.3d 852, 861 (6th Cir. 2002) (noting that sovereign immunity protects a state from "suit[s] seeking to compel a state to specific performance of a contract"); *In re Ayers*, 123 U.S. 443 (1887).  Such Eleventh Amendment protection from suit extends to a state's agencies and departments.  *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

Furthermore, the Eleventh Amendment's jurisdictional bar also applies to state common law claims against state officials. "The Eleventh Amendment provides absolute immunity in federal court to state officials for suits alleging breach of contract under state law." *Garcia v. Lemaster*, 439 F.3d 1215, 1219 n. 7 (10th Cir. 2006); *see also Tamiami*

*Partners, Ltd. ex rel. Tamiami Dev. Corp. v. Miccosukee Tribe of Indians of Fla.,* 177 F.3d 1212, 1226 (11th Cir. 1999) ("It is well established that *Ex Parte Young* does not permit individual officers of a sovereign to be sued when the relief requested would, in effect, require the sovereign's specific performance of a contract."); *Dover Elevator Co. v. Ark. State Univ.,* 64 F.3d 442, 447 (8th Cir. 1995); *Ad Hoc Comm. on Judicial Admin. v. Massachusetts,* 488 F.2d 1241, 1243 (1st Cir. 1973).   In the instant case, the Eleventh Amendment deprives the Court of jurisdiction with regard to all of Plaintiff's breach of contract claims.   For these reasons, the Court dismisses Counts V, VI, and VI (Seventh Count of the Complaint) of the Amended Complaint.

## II.  Motion for Preliminary Injunction

After reviewing the memoranda and evidence submitted by the parties and hearing oral argument on the instant matter, the Court finds that Plaintiff has failed on this record to establish the four prerequisites to preliminary injunctive relief and thus is not entitled to an injunction ordering the state entities named as Defendants to provide him with a realtime court reporter for state court criminal jury trials until the Court makes a final ruling in the case at bar.

### A.  Likelihood of Success on the Merits

The first and primary factor in determining whether a preliminary injunction should issue is whether the plaintiff is likely to prevail on the merits of his claims.   *Tally-Ho, Inc. v. Coast Cmty. Coll. Dist.,* 889 F.2d 1018, 1026 (11th Cir. 1989); *Glen Raven Mills, Inc. v. Ramada Int'l, Inc.,* 852 F. Supp. 1544, 1547 (M.D. Fla. 1994).   "It is clear from our cases that proof of a substantial likelihood of success on the merits is an indispensable prerequisite

to a preliminary injunction." *All Care Nursing Serv. v. Bethesda Mem. Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989). To demonstrate a substantial likelihood of success on the merits, the plaintiff must make a showing of likely or probable, but not certain, success at trial. *Schiavo*, 403 F.3d at 1232 (citing *Home Oil Co., Inc. v. Sam's East, Inc.*, 199 F.Supp.2d 1236, 1249 (M.D. Ala. 2002)).

Without expressing an opinion as to whether Plaintiff will ultimately prevail on his claims, the Court finds that on the present record the Plaintiff has not demonstrated a substantial likelihood of success on the merits of his claims at trial. As found by the Court above, Plaintiff's ADA and breach of contract claims against the state entities are subject to the Eleventh Amendment's absolute bar from suit, as are Plaintiff's breach of contract claims against the individual Defendants. Furthermore, Plaintiff has failed to allege in the Amended Complaint or present evidence with regard to his motion for preliminary injunctive relief that the individual Defendants named in the Complaint have final policymaking authority with regard to the challenged policy at issue. Hence, Plaintiff has failed to establish the "indispensable prerequisite" of demonstrating a substantial likelihood of success on the merits of his claims at trial.

## B.  Irreparable Injury

The Eleventh Circuit has stated that irreparable harm or injury is " 'the *sine qua non* of injunctive relief.' " *See, e.g. Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (quoting *Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir.1990)). Without a finding of a likelihood of irreparable injury, preliminary injunctive relief is improper and will be reversed on appeal. *See id.* In

order to qualify as irreparable, harm or injury must be "actual and imminent." *Id*. In determining whether harm is irreparable, courts consider, *inter alia*, the nature of the harm alleged and the delay of the movant in seeking relief.  *See, e.g.*, *Tom Doherty Associates, Inc. v. Saban Entertainment, Inc*., 60 F.3d 27, 39 (2d Cir.1995); *Pippin v. Playboy Entertainment Group, Inc.*, Case No. 8:02-cv-2329T30EAJ, 2003 WL 21981990, at *2 (M.D. Fla. 2003).

In the instant case aside from argument, Plaintiff has failed to provide the Court with evidence of an imminent or even upcoming criminal trial with which he would need accommodation.  Thus, the Court cannot conclude that Plaintiff has established that he will suffer irreparable harm should the Court fail to issue the requested injunction.

For these reasons, the Court will deny Plaintiff's Motion for Preliminary Injunction.[10]

## Conclusion

Based on the foregoing, Plaintiff's Motion and Memorandum for Preliminary Injunction, filed by Plaintiff Alan S. Harrison on March 22, 2007, (Doc. No. 30), is **DENIED**.  The Motion to Dismiss Count I, Count V, and Count VII of Plaintiff's First Amended Complaint; (Doc. No. 36); Motion to Dismiss Counts III and VI of the First Amended Complaint; (Doc. No. 37); Motion to Dismiss Count II and Count VI of Plaintiff's First Amended Complaint; (Doc. No. 39); and Debra Howells' Motion to Dismiss Count IV

---

[10]     Because Plaintiff has failed to satisfy the two prerequisites of the standard for granting an injunction, namely, irreparable injury and likelihood of success on the merits, the Court will not analyze his supplemental arguments that an injunction meets the standard for the balance of hardship to other interested persons or that an injunction would be in the public interest.

and Count VII of Plaintiff's First Amended Complaint, (Doc. No. 40), are **GRANTED**.

Plaintiff shall have ten (10) days from the date of this Order to submit an amended complaint

which comports with this Order.

**DONE and ORDERED** in Chambers in Orlando, Florida this 30th day of May, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record